IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

---

| | |
|---|---|
| UNITED STATES OF AMERICA, THE STATE OF COLORADO, THE STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION, THE STATES OF INDIANA, MARYLAND, NEVADA, AND TENNESSEE, AND THE COMMONWEALTH OF VIRGINIA, ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) ) | |
| v. ) ) | Civil Action No. 3:10-01133 |
| Beazer Homes USA, Inc. ) ) | |
| Defendant. ) ) | |

**<u>CONSENT DECREE</u>**

## TABLE OF CONTENTS

I. DEFINITIONS ...................................................................................................................4

II. JURISDICTION AND VENUE...........................................................................................11

III. APPLICABILITY.................................................................................................................12

IV. BEAZER'S COMPLIANCE PROGRAM .............................................................................13

V. CIVIL PENALTY................................................................................................................31

VI. REPORTING REQUIREMENTS .......................................................................................35

VII. STIPULATED PENALTIES ...............................................................................................36

VIII. FORCE MAJEURE ............................................................................................................44

IX. DISPUTE RESOLUTION...................................................................................................46

X. INFORMATION COLLECTION AND RETENTION .........................................................48

XI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS .............................................50

XII. COSTS................................................................................................................................52

XIII. NOTICES............................................................................................................................53

XIV. EFFECTIVE DATE.............................................................................................................56

XV. RETENTION OF JURISDICTION .....................................................................................56

XVI. MODIFICATION ...............................................................................................................57

XVII. TERMINATION .................................................................................................................58

XVIII. PUBLIC PARTICIPATION .................................................................................................61

XIX. SIGNATORIES/SERVICE .................................................................................................62

XX. INTEGRATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62
XXI. APPENDICES ....................................................................................................................63

XXII. FINAL JUDGMENT..........................................................................................................64

Whereas, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed the Complaint in this matter alleging that Beazer Homes USA, Inc. and its wholly-owned subsidiaries ("Beazer"), have violated the Clean Water Act, 33 U.S.C. §§1251 et seq., and the regulations promulgated pursuant to that statute, including the conditions and limitations of the Federal General Permit, and the General Permits of Colorado, Florida, Georgia, Kentucky, Mississippi, North Carolina, South Carolina, and Tennessee.

Whereas, the State of Colorado, the State of Florida Department of Environmental Protection, the State of Indiana, the State of Maryland, the State of Nevada, the State of Tennessee, and the Commonwealth of Virginia are Co-Plaintiffs and have joined in the filing of the Complaint in this matter, alleging that Beazer has violated state clean water laws, including the following, respectively:  the Colorado Water Quality Control Act, the Florida Air and Water Pollution Control Act, the Indiana Water Pollution Control Act, the Maryland Water Pollution Control Act, the Nevada Water Pollution Act, the Tennessee Water Quality Control Act, and the Virginia Stormwater Management Act, and the regulations promulgated pursuant to those statutes including, respectively, the terms and conditions of the Colorado CDPS General Permit for Stormwater Discharges Associated with Construction Activity, the Florida NPDES Generic Permit for Stormwater Discharge Associated with Large and Small Construction Activities; the Indiana NPDES General Permit for Storm Water Run-off Associated with Construction Activities; the Maryland General Permit for Stormwater Associated with Construction Activity; the Nevada Stormwater General Permit; the Tennessee General NPDES Permit for Discharges of Storm Water Associated with Construction Activities; and the Virginia General Permit for Discharges of Stormwater from Construction Activities.

Whereas, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section II, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. DEFINITIONS

1.      Definitions.  Except as specifically provided in this Consent Decree ("Decree"), the terms used in this Decree shall be defined in accordance with definitions in the Clean Water Act and the regulations promulgated pursuant to the Clean Water Act.  Whenever the terms listed below are used in this Decree, the following definitions apply:

a.      Action Item - a condition that requires action to be taken to achieve or maintain compliance with Storm Water Requirements.

b.      Applicable Permit - whichever of the following permits is applicable to a particular Site:  (i) the Federal General Permit for Storm Water Discharges from Construction Activities; or (ii) in the case of an Authorized State, the Authorized State National Pollutant Discharge Elimination System ("NPDES") construction general permit ("CGP"); or (iii) an individual NPDES permit issued by EPA or an Authorized State for storm water discharges associated with construction.  This term applies to that permit in its current form or as it may be amended in the future.

c.      Authorized State - a state with an NPDES Permit Program that has been authorized by EPA under Section 402(b) of the CWA, 33 U.S.C. § 1342(b), and 40 C.F.R.

Part 123 to issue individual or general NPDES permits for stormwater discharges associated with construction activity.

        d.      Beazer – Beazer Homes USA Inc. and its wholly-owned subsidiaries that own or operate Projects or Sites.  For purposes of this definition, a wholly-owned subsidiary includes an entity in which Beazer Homes USA Inc. directly or indirectly owns a majority interest.

        e.      Best Management Practices ("BMPs") - the definition in 40 C.F.R. § 122.2, in its current form or as it may be amended in the future.  That definition currently is "schedules of activities, prohibitions of practices, maintenance procedures, and other management practices to prevent or reduce the pollution of 'waters of the United States.'  BMPs also include treatment requirements, operating procedures, and practices to control plant site runoff, spillage or leaks, sludge or waste disposal, or drainage from raw material storage."

        f.      Business Day - any day other than a Saturday, Sunday, or State or Federal legal holiday.  If a stated time period in the Decree expires on a Saturday, Sunday, or State or Federal legal holiday, it shall be extended to include the next Business Day.

        g.      Clean Water Act ("CWA" or "the Act") - the Federal Water Pollution Control Act, as amended,  33 U.S.C. §§ 1251 et seq.

        h.      Complaint - shall mean the complaint filed by the United States and the State of Colorado, the Florida Department of Environmental Protection, the States of Indiana, Maryland, Nevada, and Tennessee, and the Commonwealth of Virginia in this action.

        i.      Consent Decree or Decree - shall mean this Decree and all appendices attached hereto (listed in Section XXI).

j.      Contractor - any contractor (other than a Storm Water Consultant, a utility company or its contractor, or a contractor hired at the behest of a governmental entity or a utility company) that has a contract with Beazer to perform work on a Site.

k.      Contractor Representative - a person with the authority and responsibilities described in Paragraph 19(a) (Contractor and Storm Water Consultant Compliance).

l.      Date of Entry or Entry - the date the Court-approved Decree is entered in the civil docket under Federal Rule of Civil Procedure 79(a).

m.      Designee - a Beazer employee who is Storm Water Trained, pursuant to Paragraph 17 (Storm Water Training Program), or a "Storm Water Consultant" as that term is defined in Paragraph 1(uu).  Contractors hired exclusively to install, maintain, or repair BMPs may not be Designees.

n.      Division –  Beazer's mid-level management unit (the management level between national management and Site-level management) that manages multiple Sites and Projects.  Beazer may modify its divisional structure to meet its business needs.

o.      Division Storm Water Compliance Representative - a Beazer employee designated pursuant to Paragraph 7.b. (Designation of Storm Water Compliance Representatives) to oversee storm water compliance activities for a Division (or for a comparable business unit if Beazer renames or reorganizes its internal structure).

p.      Division Quarterly Compliance Summary Report – a report in the form attached at Appendix F and as required by Paragraph 15 (Division Quarterly Compliance Summary Report)

q.	EPA - the U.S. Environmental Protection Agency.

r.	Federal Plaintiff - the United States of America, acting on behalf of EPA.

s.	Federal General Permit - the federal "NPDES General Permit for Storm Water Discharges from Construction Activities" issued by EPA on July 14, 2008 (73 Fed. Reg. 40338), as modified and amended, and any subsequent amendments or modifications thereto or other permits subsequently issued by EPA to implement the requirements of 40 C.F.R. Parts 122, 123 and 124 for storm water discharges from construction activities.

t.	Government Inspection - a state or federal inspection conducted to evaluate compliance with Storm Water Requirements.  This term also includes local inspections conducted by a local government entity to enforce an Applicable Permit if that entity has been delegated inspection or enforcement authorities for that permit.

u.	List of Projects and Sites - A list of Projects and Sites as required by Paragraph 8 (Notice to EPA of Projects and Sites).

v.	Listed Contractor  - any Contractor in a category identified in Appendix K.

w.	National Compliance Summary Report  - a report in the form attached at Appendix G and as required by Paragraph 16 (National Compliance Summary Report).

x.	National Reporting Period – the time periods covered by the National Compliance Summary Report shown on the table set out in Paragraph 16.

y.	National Storm Water Compliance Representative - a Beazer employee designated pursuant to Paragraph 7.c. (Designation of Storm Water Compliance Representatives).

z.      Notice of Intent ("NOI") - a request for coverage under an Applicable Permit.

aa.      Notice of Termination ("NOT") - notification that coverage under an Applicable Permit is ready for termination.

bb.      Paragraph - shall mean a portion of this Decree identified by an Arabic numeral.

cc.      Parties - the United States, the State of Colorado, the Florida Department of Environmental Protection, the States of Indiana, Maryland, Nevada, and Tennessee, the Commonwealth of Virginia, and Beazer Homes USA, Inc.

dd.      Pre-Construction Inspection and Review - the inspection and review required by Paragraph 11 (Pre-Construction Inspection and Review).

ee.      Pre-Construction Inspection and Review Form ("PCIR Form") - the form attached at Appendix C and as required by Paragraph 11 (Pre-Construction Inspection and Review).

ff.      Project - Any area where Beazer engages in construction activity that includes residences or other construction associated with those residences, and where coverage under an Applicable Permit is not required.  Non-contiguous areas that are not part of a common plan of development are not considered part of a Project.

gg.      Quarterly Compliance Inspection - an inspection of a Site, as required by Paragraph 14 (Quarterly Compliance Inspection and Review).

hh.      Quarterly Compliance Inspection Form – the inspection form attached at Appendix E and as required by Paragraph 14 (Quarterly Compliance Inspection and Review).

ii.     Quarterly Compliance Review - a compliance review of a Site as required by Paragraph 14 (Quarterly Compliance Inspection and Review).

jj.     Quarterly Compliance Review Form - the review form attached at Appendix E and as required by Paragraph 14 (Quarterly Compliance Inspection and Review).

kk.     Quarterly Reporting Period (or "QRP") – the first Quarterly Reporting Period shall be from the Date of Entry until the end of the first three (3) full calendar months following the Date of Entry. Thereafter, the Quarterly Reporting Period shall be each successive period of three (3) calendar months. The last day of the last Quarterly Reporting Period will be three (3) years after the Date of Entry, even if this results in a Quarterly Reporting Period that lasts less than three (3) full calendar months.

ll.     Record - any record, report, document, or photograph required to be created or maintained pursuant to Storm Water Requirements.

mm.     Responsive Action - an action taken or that is necessary to be taken to achieve or maintain compliance with Storm Water Requirements.

nn.     Section - shall mean a portion of this Decree identified by a Roman numeral.

oo.     Site - Any area where Beazer engages in construction activity that includes residences or other construction associated with those residences, and where coverage under an Applicable Permit is required.  Beazer may treat non-contiguous areas that are part of a common plan of development as a single Site.

pp.     Site Inspection - an inspection of a Site, as required by Paragraph 12 (Inspections).

qq.　Site Inspection Report - the form attached at Appendix D and as required by Paragraph 12 (Inspections).

rr.　Site Storm Water Compliance Representative - a Beazer employee designated pursuant to Paragraph 7.a. (Designation of Storm Water Compliance Representatives) to oversee storm water compliance activities at a Site.

ss.　State Plaintiff(s) - the State of Colorado, the Florida Department of Environmental Protection, the States of Indiana, Maryland, Nevada, and Tennessee, and the Commonwealth of Virginia .

tt.　Storm Water Compliance Representatives - Site Storm Water Compliance Representatives, Division Storm Water Compliance Representatives and the National Storm Water Compliance Representative designated pursuant to Paragraph 7 (Designation of Stormwater Compliance Representatives).

uu.　Storm Water Consultant - a person or company who provides professional or expert assistance to Beazer in complying with Storm Water Requirements.  The term "Storm Water Consultant" does not include Contractors hired exclusively to install, maintain, or repair BMPs.

vv.　Storm Water Consultant Representative - a person with the authority and responsibilities described in Paragraph 19(d)(iii) (Contractor and Storm Water Consultants).

ww.　Storm Water Orientation Program - this term includes all of the orientation requirements set forth in Paragraphs 18 and 19 (Storm Water Orientation Program and Contractors and Storm Water Consultants).

xx.     Storm Water Pollution Prevention Plan ("SWPPP" or "SWP") - a plan for controlling pollutants in storm water and non-storm water discharges that meets Storm Water Requirements.

yy.     Storm Water Requirements - the terms and conditions of this Consent Decree and the Applicable Permit for a particular Site, and the laws and regulations that apply, interpret, or enforce the Applicable Permit, in their current form or as any of the foregoing requirements may be amended in the future.

zz.     Storm Water Trained - an individual who: (i) is certified under the Storm Water Training Program pursuant to Paragraph 17 (Storm Water Training Program); or (ii) maintains a current certification under the Certified Professional in Erosion and Sediment Control ("CPESC") program, the Certified Inspector of Sediment and Erosion Control ("CISEC") program, or another training program agreed to by EPA after a request made to the EPA representative(s) listed in Section XIV (Notices), and has received the Beazer-specific training or orientation described in Paragraphs 17 (Storm Water Training Program) and 18 (Storm Water Orientation Program), respectively.

aaa.    Storm Water Training Program - this term includes all of the training required by Paragraph 17 (Storm Water Training Program).

bbb.    United States - shall mean the United States of America, acting on behalf of EPA.

## II.  JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Section 309(b) of the Clean Water Act, 33 U.S.C.

§ 1319(b) and over the Parties.  For purposes of this Decree, or any action to enforce this Decree, Beazer consents to the Court's jurisdiction over Beazer, this Decree, and any action to enforce this Decree.  Beazer also consents to venue in this judicial district for this action and any action to enforce this Decree.

3.     In accordance with CWA Section 309(b), 33 U.S.C. § 1319(b), the United States has notified the States of Arizona, California, Colorado, Delaware, Florida, Georgia, Indiana, Maryland, Mississippi, Nevada, New Jersey, New Mexico, New York, North Carolina, South Carolina, Tennessee, Texas, and West Virginia, and the Commonwealths of Kentucky, Pennsylvania, and Virginia of the commencement of this action.

### III.  APPLICABILITY

4.     Parties Bound.  The obligations of this Decree apply to and are binding upon the United States and the State Plaintiffs, and upon Beazer and any successor or assign to all or substantially all of its business (but only to the extent of the Projects and Sites acquired). This Decree shall not be binding on any purchaser of real property who is not an entity otherwise covered by this Decree.

5.     Responsibility for Acts of Others.  Beazer shall be responsible for compliance with Storm Water Requirements at Beazer's Sites.  In any action to enforce this Decree, Beazer shall not assert as a defense the failure by any officer, director, trustee, servant, successor, assign, employee, agent, Contractor, sub-contractor or Storm Water Consultant to comply with Paragraphs 6 through 21 of this Decree.

## IV.  BEAZER'S COMPLIANCE PROGRAM

6.     Compliance.  Beazer shall comply with all applicable Storm Water Requirements at its Sites and shall not violate the prohibition in Section 301(a) of the Act by discharging pollutants in storm water without an Applicable Permit, or by making prohibited non-storm water discharges, to waters of the United States at any of Beazer's Sites or Projects.

7.     Designation of Storm Water Compliance Representatives.

a.     Beazer shall designate at least one Site Storm Water Compliance Representative for each Site prior to signing the Pre-Construction Inspection and Review Form for that Site or within sixty (60) days of the Date of Entry, whichever is later.  If there is more than one Site Storm Water Compliance Representative for a Site, Beazer shall explain in a document to be kept on Site how they will coordinate their duties ("Transition Document").  Each Site Storm Water Compliance Representative shall:

i.      be a Beazer employee;

ii.     be Storm Water Trained;

iii.    be authorized by Beazer and have the responsibility to supervise all work necessary to meet Storm Water Requirements at the Site, including work performed by Contractors, sub-contractors and Storm Water Consultants;

iv.    be authorized by Beazer and have the responsibility to order employees, Contractors, sub-contractors and Storm Water Consultants to take appropriate Responsive Action to address an Action Item or to address a failure to comply with Storm Water Requirements, including requiring any such person to cease or correct a

violation of Storm Water Requirements, and to order or recommend such other actions or sanctions as necessary to meet Storm Water Requirements;

v.        be familiar with and have the authority and responsibility to update the Site's SWP;

vi.        be the point of contact at the Site for regulatory officials, Beazer employees, Contractors, sub-contractors and Storm Water Consultants regarding Storm Water Requirements; and

vii.       report to the Division Storm Water Compliance Representative regarding compliance with Storm Water Requirements.

b.        Beazer shall designate one Division Storm Water Compliance Representative for each Site within a Division prior to signing the Pre-Construction Inspection and Review Form for that Site or within thirty (30) days of the Date of Entry, whichever is later. Beazer may designate the same Division Storm Water Compliance Representative for more than one Site or Division or designate multiple such Representatives for a single Division. The Division Storm Water Compliance Representative shall:

i.        be a Beazer employee;

ii.       be Storm Water Trained;

iii.       be authorized by Beazer and have the responsibility to supervise all work necessary to meet Storm Water Requirements in the Division including work performed by Contractors, sub-contractors and Storm Water Consultants;

iv.       be authorized by Beazer to order employees, Contractors, sub-contractors and Storm Water Consultants to take appropriate Responsive Action to

address a failure to comply with Storm Water Requirements, including requiring any such person to cease or correct a violation of Storm Water Requirements, and to order or recommend such other actions or sanctions as necessary to meet Storm Water Requirements; and

        v.        be familiar with and have the authority to, or the responsibility to obtain the approval to, certify and amend SWPs.

        c.        Beazer shall designate one National Storm Water Compliance Representative not later than seven (7) days after the Date of Entry of this Decree. The National Storm Water Compliance Representative shall:

        i.        be a Beazer employee;

        ii.        be Storm Water Trained no later than thirty (30) days after the Date of Entry;

        iii.        oversee the development and maintenance of and submit to EPA the List of Projects and Sites established pursuant to Paragraph 8 (Notice to EPA of List of Projects and Sites);

        iv.        submit the National Compliance Summary Report to EPA and submit to each of the State Plaintiffs the portion of the report that is relevant to their respective State pursuant to Paragraph 16 (National Compliance Summary Report); and

        v.        serve as Beazer's point of contact for the United States and the State Plaintiffs for company-wide compliance matters related to Storm Water Requirements.

d.     If a Storm Water Compliance Representative position becomes open and Beazer fills the vacancy within thirty (30) days, the gap in designation shall not be deemed a violation of Paragraph 7(a), (b), (c) or (g) of this Decree.  However, the vacancy shall not excuse non-compliance with any other Storm Water Requirement.  During any such vacancy, a Storm Water Trained Beazer employee shall fulfill the signature and certification requirements of Paragraphs 12(b), 14(c) and 15.

e.     Except as expressly provided in this Decree, Storm Water Compliance Representatives may delegate the performance of storm water compliance duties required under this Decree to Designees.  Any such delegation does not relieve Beazer  of responsibility for the proper performance of any delegated task or for compliance with Storm Water Requirements.  Beazer shall give Designees sufficient authority to perform the delegated tasks;

f.     Storm Water Compliance Representatives may hire Contractors to install, maintain or repair BMPs.  Any such use of Contractors does not relieve Beazer of responsibility for the proper performance of any task or for compliance with Storm Water Requirements.

g.     Beazer shall post the name and contact information for all Site Storm Water Compliance Representatives for a Site at a conspicuous location at that Site, such as the construction office, or if the Site does not have a construction office, at an entrance or exit.

8.     Notice to EPA of Projects and Sites.

a.     Not later than sixty (60) days after the Date of Entry of the Decree, Beazer shall provide a List of Projects and Sites ("the List") to the EPA representative listed in Section XIII in searchable electronic form, or in hardcopy, in the format attached as Appendix A.

i.      The initial List shall include all Sites and Projects where Beazer has initiated construction activity and final stabilization has not occurred as of the Date of Entry.

ii.      For Sites, the List shall include (A) the name of each Site and the county and state in which it is located; (B) the Site address location information from the NOI (if location information in the NOI does not contain a Site's street address or the latitude and longitude, then specific information regarding the Site's location – for example, a street address, nearby intersection, or the latitude and longitude – must be provided); (C) the date that the Pre-Construction Inspection and Review Form was signed, for Sites where Beazer commenced construction activity after the Date of Entry; (D) the estimated number of acres that will be disturbed at the Site; (E) the name of the permit holder; and (F) when applicable, the date the NOT was signed. Information required under sub-paragraphs (B)-(F) shall be provided by either adding the information to the List or by providing it by hyperlink in the List to documents that contain the information (e.g. NOI, PCIR Form, NOT).

iii.      For each of Beazer's Projects, the List shall include the Project's name and address.

iv.      Beazer shall also include on the List the number of Sites, not otherwise on the List, which are owned or operated by any entity in which Beazer has an interest other than a wholly-owned interest.

b.      Beazer shall provide, to the EPA representative listed in Section XIII, an updated List on or before the 30th day after the end of each Quarterly Reporting Period (QRP).

The updated List shall include the information provided in Paragraph 8(a) for each Site and Project, including Sites and Projects where commencement of construction activity occurred during the prior QRP. For previously listed Sites, Beazer must update only the permittee name and the date the NOT was signed. This information shall be provided either by adding the information to the List or by providing it by hyperlink in the List to documents that contain the information. Beazer may remove Sites from the updated List after the date permit coverage is terminated under the Applicable Permit, but only after the date of permit coverage termination has appeared on at least one quarterly updated version of the List.

   c. For purposes of this Paragraph 8, construction activity does not include geotechnical investigations, surveying, environmental testing, plant (vegetation) salvage, or the initial installation of storm water controls that are not sediment basins, provided that none of these activities involves significant soil disturbance.

   9. <u>Permits</u>. Solely for the purposes of compliance with this Decree, at a Site where coverage under an Applicable Permit is or will be required, Beazer shall obtain permit coverage at that Site prior to signing the Pre-Construction Inspection and Review Form, or within the time required by the Applicable Permit, whichever is earlier. This provision is not an admission by either Party as to the requirements for obtaining an Applicable Permit under the Clean Water Act.

   10. <u>Storm Water Plans and Records</u>

   a. For each Site, Beazer shall prepare a Site-specific SWP prior to signing the Pre-Construction Inspection and Review Form, or within the time required by the Applicable

Permit, whichever is earlier.  This Paragraph 10 only applies to Sites at which the Pre-Construction Inspection and Review Form is signed after the Date of Entry.

b.　　Beazer shall provide a copy of the guidance document "Developing Your Stormwater Pollution Prevention Plan:  A Guide for Construction Sites," attached as Appendix B, to the persons who prepare each of its SWPs.  Beazer's development of all SWPs after the Date of Entry shall be guided by this guidance document.   If there is a conflict between this guidance document and the terms of this Consent Decree, including its appendices, or the terms of an Applicable Permit, the terms of the Consent Decree or the Applicable Permit, respectively, shall control.  The SWPPP Contact referred to in the guidance document shall be the Site Storm Water Compliance Representative.

c.　　All SWPs and SWP amendments shall comply with the terms and conditions of the Applicable Permit and this Decree.  Each SWP shall:

i.　　be Site specific;

ii.　　incorporate the inspection frequency and routine maintenance deadlines under the Applicable Permit; and

iii.　　include clear, concise descriptions of Site-specific BMPs to be used for each anticipated major phase of construction and to implement the requirements of the Applicable Permit.

d.　　Each SWP's preparer shall certify that the SWP's development was guided by the requirements of Paragraph 10(c) and the guidance document "Developing Your Stormwater Pollution Prevention Plan:  A Guide for Construction Sites," attached hereto as Appendix B.

e.　　Beazer shall amend each SWP in accordance with the Applicable Permit.

f.     Beazer shall certify each SWP and SWP amendment as required by the Applicable Permit.

g.     The Site Storm Water Compliance Representatives shall review the SWP for his/her Site, and such review shall not be delegated.

h.     The SWP and any Records required to be maintained by the Applicable Permit or Paragraphs 7.a ("Transition Document"), 11 (Pre-Construction Inspection and Review), 12 (Inspections), and 13 (Maintenance) shall be maintained at the Site construction office if the Site has one.  If there is no construction office, Beazer shall post the location of the SWP and these Records along with, or adjacent to, the contact information of the Site Storm Water Compliance Representative required by Paragraph 7(g).

11.     <u>Pre-Construction Inspection and Review</u>

a.     For Sites where Beazer commences construction activity more than thirty (30) days after the Date of Entry, a Stormwater Compliance Representative (who must be Stormwater Trained not later than sixty (60) days after the Date of Entry) shall perform a Pre-Construction Inspection and Review prior to Beazer's commencement of construction activity at that Site.

b.     For purposes of this Paragraph 11, the commencement of construction activity does not include geotechnical investigations, surveying, installing signage, environmental testing, plant (vegetation) salvage, or the initial installation of BMPs that are not sediment basins, provided none of these activities involve significant soil disturbance.

c.     The Pre-Construction Inspection and Review shall include

i.     an inspection of the entire Site and

ii. completion of the Pre-Construction Inspection and Review Form attached at Appendix C. The Pre-Construction Inspection and Review Form may be completed in an electronic format. Prior to commencement of Beazer's construction activity, a Responsive Action shall be completed for each Action Item on the Pre-Construction Inspection and Review Form, identified during the Pre-Construction Inspection and Review.

d. A Stormwater Compliance Representative (who must be Stormwater Trained not later than sixty (60) days after the Date of Entry) shall review and sign (either electronically or in hard copy) the Pre-Construction Inspection and Review Form, a task that may not be delegated. The Pre-Construction Inspection and Review Form shall be located as provided by Paragraph 10.h.

e. Where any entity other than Beazer commenced construction activity at a Site and Beazer takes title, to all or a portion of that Site after the Date of Entry, Beazer shall determine no later than ten (10) Business Days after taking title whether that portion of that Site has unstabilized soils. If so, Beazer shall, as soon as practicable, install and maintain appropriate erosion and sediment control BMPs or assume responsibility for maintaining any existing appropriate erosion and sediment control BMPs for those portions of the Site with unstabilized soils.

12. <u>Inspections</u>.

The requirements of this Paragraph 12 are effective thirty Days after Date of Entry.

a. Commencing no later than the date the Pre-Construction Inspection and Review Form is signed, or the date required by the Applicable Permit, whichever is earlier, the

Site Storm Water Compliance Representative for each Site shall inspect that Site no less often than the frequency required by the Applicable Permit.

b.      For each Site Inspection, the Site Storm Water Compliance Representative shall record Site Inspections on the Site Inspection Report form attached as Appendix D.  Beazer may add state or local-specific requirements to the Site Inspection form without requesting approval from EPA to modify the form.  The Site Inspection Report form may be completed in an electronic format.  If a Designee conducts a Site Inspection, the Site Storm Water Compliance Representative shall review and sign (either electronically or in hard copy) the completed Site Inspection Report, a task that may not be delegated.  The Site Inspection Report shall be certified in accordance with the terms of the Applicable Permit.

c.      Beazer shall clearly label as such the final Site Inspection Report generated prior to the submittal of an NOT.

d.      Beazer shall keep the Site Inspection Reports with the SWP.

13.    Maintenance.

a.      Beazer shall maintain each Site in accordance with Storm Water Requirements.

b.      For every Action Item identified during a Site Inspection or during a Quarterly Compliance Inspection, the Site Stormwater Compliance Representative or a Contractor whose work is supervised by the Site Storm Water Compliance Representative shall record the following information on the Responsive Action Log portion of the Site Inspection Report:  a specific reference to the Action Item, including the date it was identified; a description of the Responsive Action taken; and the date the Responsive Action was completed.  Each Site

Inspection Report or compilation of reports, if maintained in one document or electronic database, shall be kept on Site as described in Paragraph 10(h).

14.    Quarterly Compliance Inspection and Review.

a.    Beazer shall provide for Site oversight and review by following the procedures in the subparagraphs below.

b.    At least once during each Quarterly Reporting Period, beginning with the first Quarterly Reporting Period after the Date of Entry or the first full Quarterly Reporting Period after the date the PCIR form is signed, whichever is later, the Division Storm Water Compliance Representative shall conduct a Quarterly Compliance Inspection of each Site in the Division. Beazer shall record the results on a Quarterly Compliance Inspection Form, attached at Appendix E. The Quarterly Compliance Inspection Form may be completed in an electronic format. The Quarterly Compliance Inspection shall not be conducted by the same person who conducted a Site Inspection under Paragraph 12 (Inspections) (other than a Quarterly Compliance Inspection under Paragraph 14 that also serves as a Site Inspection under Paragraph 12) at the Site during that Quarterly Reporting Period.

c.    No later than seven (7) days after the Quarterly Compliance Inspection, each Division Storm Water Compliance Representative for each Division shall complete a Quarterly Compliance Review for each Site for which he or she is designated as the Division Stormwater Compliance Representative. The Quarterly Compliance Review shall consist of a review of the results of the Quarterly Compliance Inspection and Site Inspection Reports and Responsive Action Logs completed since the last Quarterly Compliance Inspection. The Division Storm Water Compliance Representative shall complete a Quarterly Compliance

Review Form, attached in Appendix E, for each Site. The Quarterly Compliance Review Form may be completed in an electronic format. The Division Storm Water Compliance Representative shall review the Quarterly Compliance Review Form with the current Storm Water Compliance Representative(s) for that Site, and all persons shall sign (electronically or in hard copy) the Quarterly Compliance Review Form for the Site. No task in this subparagraph may be delegated except as provided in Appendix E.

        d.        The Site Storm Water Compliance Representative shall be responsible for managing the completion of Responsive Action for each Action Item identified during the Quarterly Compliance Inspection or Quarterly Compliance Review in the same manner as required under Paragraph 13 (Maintenance).

        e.        If a Quarterly Inspection or Review is missed, the next Quarterly Inspection and Review must also include the information required for the missed Quarterly Reporting Period.

        15.        <u>Division Quarterly Compliance Summary Report</u>. The Division Storm Water Compliance Representative shall prepare a Division Quarterly Compliance Summary Report in accordance with the form attached at Appendix F. The Division Quarterly Compliance Summary Report shall be reviewed and signed by the Division Storm Water Compliance Representative, a task that may not be delegated. The first Division Quarterly Compliance Summary Report shall be due thirty (30) days after the end of the first QRP. Subsequent Division Quarterly Compliance Summary Reports are due within thirty (30) days of the end of each subsequent QRP. Copies shall be sent to all Site Storm Water Compliance Representatives within the Division and any other persons identified in Appendix F. If a Division Quarterly

Compliance Summary Report is missed, the next Division Quarterly Compliance Summary Report must also include the information for the missed report.

16. _National Compliance Summary Report_.  The National Storm Water Compliance Representative shall submit a National Compliance Summary Report in accordance with the form attached as Appendix G.  The National Storm Water Compliance Representative or a Beazer executive at a higher corporate level shall certify the report and submit it to the EPA representative listed in Section XIII and to each of the State Plaintiffs.  The tasks in this Paragraph may not be delegated.

The National Compliance Summary Reports shall be due as set forth in the following Table:

| National Compliance Summary Report | Report Coverage Period ("National Reporting Period") | Report Due Within 60 Days After the Last Day of the Following Period |
|---|---|---|
| 1 | 1st & 2nd Quarterly Reporting Periods | 2nd Quarterly Reporting Period |
| 2 | 3rd & 4th Quarterly Reporting Periods | 4th Quarterly Reporting Period |
| 3 | 5th, 6th, 7th, & 8th Quarterly Reporting Periods | 8th Quarterly Reporting Period |
| 4 | 9th, 10th, 11th & 12th Quarterly Reporting Periods | 12th Quarterly Reporting Period |

Copies shall be sent to the persons identified in Appendix G.

17. _Storm Water Training Program_.

a. Beazer shall implement the Stormwater Training Program set forth in Appendixes H and J.  The Stormwater Training Program shall include:  employee stormwater training; Stormwater Compliance Representative training; and annual refresher training.  Training under this program may be live or provided through electronic media.

i. Beazer shall provide employee storm water training to all Beazer employees who, in the field at a Site, primarily and directly supervise (or who primarily and

directly assist in the supervision of) construction activity at a Site and who are not covered by subparagraph 17.a.(ii). Beazer employees must complete the employee storm water training no later than sixty (60) days after the Date of Entry, or no later than thirty (30) days after beginning work at a Site, whichever is later. The employee storm water training syllabus is attached at Appendix H. Employee stormwater training that meets the requirements of this Consent Decree may be completed prior to the Date of Entry. The employee stormwater training program may be the same as the Stormwater Compliance Representative training program.

         ii.      Beazer shall provide Storm Water Compliance Representative training to all Storm Water Compliance Representatives and any Designee of such representative who is a Beazer employee, pursuant to the syllabus attached as Appendix H. To be certified as Storm Water Trained under this subparagraph, all Stormwater Compliance Representatives and Designees who are Beazer employees must complete the Storm Water Compliance Representative training and pass a written, on-line or computer-based test, which is equivalent to the test which has been approved by EPA and is subject to a claim of Confidential Business Information by Beazer, as described in Appendix J. All Storm Water Compliance Representatives and Designees who are Beazer employees shall be certified as Storm Water Trained no later than sixty (60) days after the Date of Entry, or prior to being a designated Storm Water Compliance Representative or Designee at a Site, whichever is later. Stormwater Compliance Representative training that meets the requirements of this Consent Decree may be completed prior to the Date of Entry. Employees who have completed Stormwater Compliance Representative training within fifteen (15) months prior to the Date of Entry may be certified in

compliance with this subparagraph by passing the test within 90 days of the Date of Entry.  A certification under this subparagraph shall be valid for up to fifteen (15) months.

iii.     Beazer shall provide annual refresher training for Storm Water Compliance Representatives and Beazer employee Designees who were previously certified under subparagraph 17.a.(ii)  and who continue to work as Storm Water Compliance Representatives or Designees.  Each such person shall complete the annual refresher training, pursuant to the syllabus attached as Appendix H and pass a written or electronic test which is equivalent to the test that has been approved by EPA and is subject to a claim of  Confidential Business Information by Beazer, as described in Appendix J.  The renewal certification shall be valid for up to fifteen (15) months.

iv.     Beazer shall maintain records of each Storm Water Compliance Representative's and Designee's certification.  Beazer shall provide such records to EPA within thirty (30) days of EPA's request or within another period of time agreed to by Beazer and EPA in light of the size of the request.

b.     Every instructor for Beazer's Storm Water Training Program shall be either:

i.          a Storm Water Consultant or

ii.          a Storm Water Trained Beazer employee.

c.     Beazer shall evaluate its Storm Water Training Program annually and determine whether any changes to the Stormwater Training Program are necessary.  A written evaluation of the Storm Water Training Program and a description of any significant proposed

changes for EPA's approval shall be included in the second semiannual National Compliance Summary Report, and each annual National Compliance Summary Report thereafter.

18. <u>Storm Water Orientation Program</u>.

a. Not later than sixty (60) days after the Date of Entry or prior to a Listed Contractor or Storm Water Consultant beginning work for Beazer, whichever is later, Beazer shall provide either by posting on an internet website or otherwise delivering to each Listed Contractor or Storm Water Consultant: an overview of Beazer's storm water program; information explaining how to contact a Site Storm Water Representative as required by Paragraph 19(d)(iv); and a description of the potential consequences for failure to comply with Storm Water Requirements.

b. Not later than seven (7) days after the Site Pre-Construction Inspection and Review Report is signed, or prior to the Listed Contractor or Storm Water Consultant beginning work at a Site, whichever is later, Beazer shall provide to each Listed Contractor and Storm Water Consultant the following information: Beazer's compliance expectations; how to obtain additional storm water compliance information; and the potential consequences of non-compliance with Storm Water Requirements. This information may be provided by posting it in the same location as the information required by Paragraph 7.g. or it may be provided by alternate means of delivery.

19. <u>Contractors and Storm Water Consultants</u>.

a. Each person who is a Storm Water Consultant shall: (i) possess the skills to assess conditions at a Site that could impact the quality of storm water and non-storm water

discharges and compliance with Storm Water Requirements; and (ii) be knowledgeable in the principles and practices of sediment and erosion control and other BMPs.

b.      After the Date of Entry of this Decree, written requests for bids from Listed Contractors and Storm Water Consultants for work at a Site shall notify the bidding Listed Contractors and Storm Water Consultants that any successful bidder must comply with the Applicable Permit.

c.      Within sixty (60) days of the Date of Entry or prior to a Listed Contractor or Storm Water Consultant beginning work for Beazer, whichever is later, Beazer shall provide either by posting on an internet website or otherwise delivering to each Listed Contractor or Storm Water Consultant the applicable "Do's & Don'ts List" included in Appendix L.

d.      Beazer's master contracts entered into or modified (other than modifications to project-specific addenda) after the Date of Entry of this Decree with Listed Contractors and Storm Water Consultants shall:

i.          require compliance with the Applicable Permit and with instructions by Beazer's Storm Water Compliance Representatives to comply with Storm Water Requirements;

ii.          require all Listed Contractors to circulate the "Do's and Don'ts List" to their employees and sub-contractors who will be working at a Site;

iii.          require designation of a Listed Contractor Representative or Storm Water Consultant Representative, respectively, with the authority to oversee, instruct, and direct their respective employees and subcontractors at a Site regarding compliance with Storm Water Requirements;

iv.          require the Listed Contractor Representative or Storm Water Consultant Representative to contact a Beazer Site Storm Water Compliance Representative to obtain any additional storm water compliance information;

v.          where the information required by Paragraph 18(a) or 19(c) is provided through an internet website, identify the internet website and require the Listed Contractor Representative or Storm Water Consultant Representative to review the posted information; and

vi.          describe the consequences for failure to comply with the Applicable Permit.

20.    <u>Corporate Change and Acquisition</u>.

a.    Beazer shall not alter its corporate structure or enter into agreements with third parties for the purpose of directly or indirectly circumventing the requirements of this Consent Decree.

b.    In the event that Beazer acquires the business or all or substantially all of the assets of another company by purchase or merger after the Date of Entry of this Consent Decree, Beazer's obligations under Paragraphs 7-21 of the Consent Decree shall apply to all of the acquired Projects and Sites owned or operated by the acquired company or by a "wholly-owned subsidiary" (as that term is defined in Paragraph 1(l) above). Beazer's obligation to comply with Paragraphs 7-21 of this Consent Decree shall begin 180 days from the date of closing the transaction or a longer period of time if agreed to in writing by Beazer and EPA in light of the size of the acquisition. If a Site already has an existing SWP, Beazer does not need to comply with Paragraph 10 (Storm Water Plans and Records) or respond to questions 8-10 on Appendix

C (Pre-Construction Inspection and Review Form) at that Site. If construction activity has commenced (as defined in Paragraph 8(c) at a Site of the acquired company, Beazer need not comply with the requirements of Paragraph 11 (Pre-Construction Inspection and Review) at that Site. Nothing in this Paragraph shall affect Beazer's obligation to comply with Applicable Permits at the newly acquired Sites.

21. <u>Submission of Records</u>.

a. Upon the United States' request for a Record, Beazer shall provide a copy of any Record required under this Decree within thirty (30) days of receipt of the request or a longer period of time if agreed to by Beazer and the United States in writing, in light of the size of the request. This Paragraph does not apply to Record requests concerning a specific Site made during or after a Government Inspection of that Site.

b. The submittal of any Record under Paragraph 8 (Notice to EPA of Projects and Sites), Paragraph 16 (National Compliance Summary Report), or in response to a request made pursuant to Paragraph 21(a), shall be accompanied by a certification that meets the requirements of 40 C.F.R. §122.22.

Paragraph 22 reserved.

## V.  CIVIL PENALTY

23. Not later than thirty (30) days after the Date of Entry, Beazer shall pay the sum of $ 925,000 as a civil penalty. Failure to pay the civil penalty shall subject Beazer to interest accruing from the first day after the 30-day period has run until the date payment is made, or until the 14th day after the 30-day period has run, whichever occurs first, at the rate specified in

28 U.S.C. § 1961.   Failure to pay the civil penalty for more than fourteen (14) days after the 30-day period has run shall subject Beazer to the stipulated penalty set forth in Paragraph 43(l).

24.     Beazer shall pay $ 731,336 of the civil penalty by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Beazer following lodging of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's Office for the Middle District of Tennessee.   At the time of payment, Beazer shall send a copy of the Electronic Funds Transfer authorization form and the Electronic Funds Transfer transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in United States et al. v. Beazer Homes USA, Inc., et al. and shall reference the civil action number and DOJ case number 90-5-1-1-08420, to the United States in accordance with Section XIII of this Decree (Notices); by email to acctsreceivable.CINWD@epa.gov; and to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio  45268.

25.     Beazer shall pay the civil penalty due to each State Plaintiff in the manner described below.   Each payment shall be accompanied by a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in United States et al. v. Beazer Homes, Inc., and shall reference the civil action number and DOJ case number 90-5-1-1-08420.

a.     Payment of $ 11,467 due to the State of Colorado shall be made via certified or cashier's check to the order of the Colorado Department of Public Health and Environment and mailed to:

Enforcement Workgroup Leader
Colorado Department of Public Health and Environment
Water Quality Control Division
4300 Cherry Creek Drive, South, Bldg. B
Denver, CO 80246-1530

Beazer shall send a copy of the check and cover letter to the addressee at U.S. EPA's Office of Enforcement and Compliance Assurance and to the State of Colorado in accordance with Section XIII (Notices).

b.      Payment of $ 57,335 due to the State of Florida Department of Environmental Protection shall be made by cashier's check or money order payable to the State of Florida Department of Environmental Protection and shall include thereon Enforcement File Number 10-2396-99-RO and the notation "Ecosystem Management and Restoration Trust Fund." The payment shall be sent to:

Florida Department of Environmental Protection
NPDES Stormwater Section
Attn: Jessica Kleinfelter
2600 Blair Stone Road, MS 2500
Tallahassee, Florida 32399-2400

Beazer shall send a copy of the check and cover letter to the addressee at U.S. EPA's Office of Enforcement and Compliance Assurance and to the State of Florida in accordance with Section XIII (Notices).

c.      Payment of $ 38,223 due to the State of Indiana shall be made by a check made payable to "Indiana Department of Environmental Management Special Fund" and delivered to:

Indiana Department of Environmental Management
Cashier's Office
Mail Code 50-10C
100 North Senate Avenue
Indianapolis, Indiana 46204-2251

Beazer shall send a copy of the check and cover letter to the addressee at U.S. EPA's Office of Enforcement and Compliance Assurance and to the State of Indiana in accordance with Section XIII (Notices).

       d.      Payment of $ 15,289 due to the State of Maryland shall be made by check made out to the Maryland Clean Water Fund and mailed to:

> Maryland Department of the Environment
> P.O. Box 2057
> Baltimore, MD 21203-2057

Beazer shall send a copy of the check and cover letter to the addressee at U.S. EPA's Office of Enforcement and Compliance Assurance and to the State of Maryland in accordance with Section XIII (Notices).

       e.      Payment of $ 11,467 due to the State of Nevada shall be made by check made out to NDEP and mailed to:

> Nevada Division of Environmental Protection
> Bureau of Water Pollution Control
> c/o Cliff Lawson
> Suite 3003
> 901 South Stewart Street
> Carson City, NV 89701

Beazer shall send a copy of the check and cover letter to the addressee at U.S. EPA's Office of Enforcement and Compliance Assurance and to the State of Nevada in accordance with Section XIII (Notices).

       f.      Payment of $ 49,690 due to the State of Tennessee shall be made by check made out to "Treasurer, State of Tennessee," referencing the case name and civil action number, and mailed to:

R. Stephen Jobe
Office of the Tennessee Attorney General
Environmental Division
P. O. Box 20207
Nashville, TN  37202-0207

Beazer shall send a copy of the check and cover letter to the addressee at U.S. EPA's Office of Enforcement and Compliance Assurance and to the State of Tennessee in accordance with Section XIII (Notices).

g.      Payment of $ 10,193 due to the Commonwealth of Virginia shall be made by check, money order or cashier's check made out to Treasurer of Virginia including a notation "For Virginia Stormwater Management Fund/Beazer Consent Decree," and mailed to:

Virginia Department of Conservation and Recreation
Division of Finance
Accounts Payable
203 Governor Street, Suite 302
Richmond, VA  23219

Beazer shall send a copy of the check and cover letter to the addressee at U.S. EPA's Office of Enforcement and Compliance Assurance and to the Commonwealth of Virginia in accordance with Section XIII (Notices).

26.      Beazer shall not deduct the civil penalty paid under this Section in calculating its federal income tax.

Paragraphs 27 through 39 reserved.

## VI.      REPORTING REQUIREMENTS

40.      Beazer shall submit National Compliance Summary Reports to EPA and the State Plaintiffs as designated in Section XIII of this Consent Decree (Notices).  Beazer shall submit a response to a request under Paragraph 21 (Submission of Records) to the federal official making

the request.

41.     The reporting requirements of this Consent Decree do not relieve Beazer of any reporting obligations required by the Clean Water Act or its implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

## VII.     STIPULATED PENALTIES

42.     <u>Stipulated Penalty Amounts for Reported Violations</u>.  Beazer shall submit National Compliance Summary Reports as required by Paragraph 16 (National Compliance Summary Report) to the EPA that will identify violations listed in this Paragraph.  State Plaintiff(s) or EPA may also use other information gathered by the State Plaintiff or EPA to identify violations, for which stipulated penalties may be assessed under this Paragraph 42. Except for subparagraph 42a., stipulated penalties under this Paragraph will not begin to accrue until after the end of the second Quarterly Reporting Period.  The United States may demand stipulated penalties pursuant to this Paragraph within one (1) year after the violation is reported to EPA, or within six (6) months after termination of this Consent Decree pursuant to Section XVII (Termination), whichever is earlier.  For each of the instances listed below, upon written demand of the United States, Beazer shall pay stipulated penalties in the following amounts:

a.     Discharge(s) of pollutants from a Site to a water of the United States prior to obtaining coverage as required under an Applicable Permit:  $2,500 per day of such discharge(s).

b.     Failure to perform (including completion of all Responsive Actions) or, if performed, a material failure to document, a Pre-Construction Inspection and Review as required by Paragraph 11 (Pre-Construction Inspection and Review):  $2,500 per Site.

c.     Failure to perform or, if performed, a material failure to document, a Site Inspection as required by Paragraph 12 (Inspections):

| Percentage of Inspections Missed/Undocumented Per National Reporting Period | Stipulated Penalty Per Period | | |
|---|---|---|---|
| | 3rd & 4th QRP | 5th-8th QRP | 9th – 12th QRP |
| 0.01 to 5% | 0 | 0 | 0 |
| 5.01 to 8% | $2,500 | $10,000 | $15,000 |
| 8.01 to 12% | $6,750 | $25,000 | $30,000 |
| 12.01 to 20% | $12,500 | $50,000 | $100,000 |
| 20.01 to 25% | $25,000 | $100,000 | $200,000 |
| >25% | $62,500 | $250,000 | $500,000 |

d.     Failure to perform or, if performed, a material failure to document a Quarterly Inspection or Review as required by Paragraph 14 (Quarterly Compliance Inspection and Review):

| Percentage of Quarterly Inspections Missed or Reviews Undocumented per National Reporting Period | Stipulated Penalty |
|---|---|
| For each undocumented Inspection or Review from 0.01 to 5% of required Inspections or Reviews: | $100 |
| For each additional undocumented Inspection or Review from 5.01 to 10% of required Inspections or Reviews: | $200 |
| For each additional undocumented Inspection or Review > 10% of required Inspections or Reviews: | $300 |

e.      Failure to prepare a Division Quarterly Compliance Summary Report as required by Paragraph 15 ___ (Division Quarterly Compliance Summary Report):

| Days | Stipulated Penalty |
|------|--------------------|
| 1st through 7th day | $250 per Report |
| 8th through 30th day | $500 per Report |
| 31st through 90th day | $5,000 per Report |

f.      Failure to have trained and certified Site Storm Water Compliance Representatives as required by Paragraph 17 at the time of an inspection required by Paragraph 14 (Quarterly Compliance Inspection and Review):  $100 per person.

43.      <u>Stipulated Penalty Amounts for Non-Self-Reported Violations</u>.  Beazer shall not be obligated to report the following violations to EPA.  Except for subparagraph 43.l, stipulated penalties under this Paragraph will not begin to accrue until six (6) months after the Date of Entry.  The United States may demand stipulated penalties pursuant to this Paragraph within one (1) year after the date the violation is discovered by the United States, or within six (6) months after the termination of this Consent Decree pursuant to Section XVII (Termination), whichever is earlier.  For each of the instances listed below, upon written demand by the United States, Beazer shall pay stipulated penalties in the following amounts:

a.      Material failure to submit the initial List of Projects and Sites or an updated List of Projects and Sites as required by Paragraph 8 (Notice to EPA of Projects and Sites):  $500 per day.

b.      Failure to designate Site Storm Water Compliance Representatives:

(i)     Failure to designate Site Storm Water Compliance Representatives as required by Paragraph 7.a. (Designation of Storm Water Compliance Representatives):  $500 per person.

(ii)     Failure to designate Division Storm Water Compliance Representative(s) as required by Paragraph 7.b. (Designation of Storm Water Compliance Representatives):  $250 per Site.

(iii)     Failure to designate a National Storm Water Compliance Representative as required by Paragraph 7.c. (Designation of Storm Water Compliance Representatives):  $1,000 per person.

c.     Failure to train employees as required by Paragraph 17 (Storm Water Training Program) or failure to train and certify Storm Water Compliance Representatives and Beazer-employed Designees as required by Paragraph 17 (Storm Water Training Program):  $250 per person.

d.     Failure to provide Storm Water Orientation as required by Paragraph 18 (Storm Water Orientation Program) shall be subject to the following stipulated penalties:

(i)     if Beazer chooses to satisfy the requirements of Paragraph 18.a. by posting such information on an internet website, and fails to timely post such information:

| Days | Stipulated Penalty |
|---|---|
| 1st through 30th days | $100  per day |
| 31st through 60th days | $250  per day |
| 61st day and beyond | $500  per day; |

or

(ii)     if Beazer chooses to satisfy the requirements of Paragraph 18.a. by delivering such information in a manner other than through posting it on an internet website, and fails to timely provide such information:  $50 per each affected Listed Contractor or Storm Water Consultant.

e.     Failure to comply with the bid requirements of Paragraph 19.b:  $50 per each affected Listed Contractor or Storm Water Consultant.

f.     Failure to provide the information required by Paragraph 19.c. shall be subject to the following stipulated penalties:

(i)     if Beazer chooses to satisfy the requirements of Paragraph 19.c. by posting such information on an internet website, but fails to timely post such information:

| Days | Stipulated Penalty |
| --- | --- |
| 1st through 30th days | $100  per day |
| 31st through 60th days | $250  per day |
| 61st day and beyond | $500  per day; |

or

(ii)     if Beazer chooses to satisfy the requirements of Paragraph 19.c. by delivering such information in a manner other than through posting it on an internet website, and fails to timely provide such information:  $50 per each affected Listed Contractor or Storm Water Consultant.

g.     Failure to include the provisions required by Paragraph 19.d. in Beazer's master contracts entered into or modified after the Date of Entry with Listed Contractors or Storm Water Consultants:  $50 per each affected Listed Contractor or Storm Water Consultant.

h.     Failure to certify any submittal as required by Paragraph 21.b.: $1,000 per violation.

i.     Failure to prepare an initial Storm Water Pollution Prevention Plan, or, if prepared, a material failure of the initial Storm Water Pollution Prevention Plan to comply with the Applicable Permit or this Decree:  $2,500 per Storm Water Pollution Prevention Plan.

j.     At the time of a Government Inspection, failure to be in compliance with Paragraph 7.g. or 10.h. (requiring posting of information):  $500 per Government Inspection.

k.     Failure to submit a National Compliance Summary Report as required by Paragraph 16 (National Compliance Summary Report):

| Days | Stipulated Penalty |
|------|--------------------|
| 1st through 14th days | $250  per day |
| 15th through 30th days | $500  per day |
| 31st day and beyond | $1,000  per day |

l.     Failure to pay the civil penalty and any accrued interest required to be paid under Section V, Paragraph 23_ (Civil Penalty) when due:  $1,000 per day, commencing fifteen (15) days after the due date.

44.     Reserved.

45.     <u>Payment of Stipulated Penalties</u>.

a.      Beazer shall provide information regarding violations under Paragraph 42 (Stipulated Penalty Amounts for Reported Violations) to EPA in the National Compliance Summary Report in the form attached at Appendix G.

b.      All penalties owed to the Plaintiffs under Paragraphs 42 and 43 shall be due and payable within thirty (30) days of Beazer's receipt from the United States of a demand for payment of the penalties (on behalf of the United States and State Plaintiffs), unless Beazer invokes the procedures under Section IX (Dispute Resolution).

c.      All payments of stipulated penalties shall be made in the manner set forth and with the confirmation notices required by Paragraph 24 and, as applicable, Paragraph 25, except that the transmittal letter shall state that the payment is for stipulated penalties.

d.      A State Plaintiff shall receive 50% of the stipulated penalties collected for violations of subparagraphs 43.b(i), 43.b(ii), 43.c, 43.i, and 43.j that are attributable to violations occurring in that state and are discovered by a Plaintiff.  A State Plaintiff shall receive 50% of the stipulated penalties collected for violations of subparagraph 42.a that are attributable to violations occurring in that state.  Stipulated penalties reported by Beazer pursuant to Paragraph 42 (with the exception of subparagraph  42.a) shall be paid in full to the United States.

46.     Stipulated penalties shall accrue as provided in Paragraphs 42 and 43.  For stipulated penalties that are assessed "per day," penalties shall begin to accrue on the day after performance is due or on the day a violation occurs, whichever is applicable, and shall continue

to accrue until performance is completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of the Consent Decree. Penalties shall accrue regardless of whether EPA has notified Beazer of a violation, but need not be paid until a demand is made. However, if a penalty would otherwise accrue because the List of Projects and Sites (Paragraph 8) or the Quarterly Division Site Inspection Report or the Quarterly Compliance Inspection and Review (Paragraph 14) is deemed by EPA to contain a material deficiency, stipulated penalties shall not begin to accrue until EPA has notified Beazer of such deficiency.

47.     The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

48.     Stipulated penalties shall continue to accrue as provided in Paragraph 46, above, during any Dispute Resolution, but need not be paid until the following:

a.     If the dispute is resolved by agreement or by a decision of the United States that is not appealed to the Court, Beazer shall pay such penalties as are agreed upon or decided upon, respectively, to the United States within thirty (30) days of the effective date of the agreement or the receipt of the United States' decision or order.

b.     If the dispute is appealed to the Court and the United States prevails in whole or in part, Beazer shall pay all penalties awarded by the Court within sixty (60) days of receiving the Court's decision or order, except as provided in subparagraph c.

c.     If any Party appeals the Court's decision, Beazer shall pay all penalties ultimately awarded by the Court, together with interest as provided in Paragraph 50 running from the 61st day after the Court's decision, within fifteen (15) days of the final appellate court decision.

d.     Notwithstanding Paragraph 46, during judicial review by this Court under

Section IX (Dispute Resolution), stipulated penalties shall not accrue, during the period,

if any, beginning on the 31st day after the Court's receipt of the motion provided for by

Paragraph 59 until the date the Court issues a final decision regarding such dispute.

49.     Beazer shall not deduct stipulated penalties paid under this Section in calculating

its federal income tax.

50.     If Beazer fails to pay stipulated penalties according to the terms of this Decree,

Beazer shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961,

accruing as of the date payment became due pursuant to Paragraph 45.b. or Paragraph 48.

51.     Except as provided in this Paragraph, the United States and State Plaintiffs

reserve the right to pursue any other remedies for violations of this Consent Decree, the Clean

Water Act, or equivalent state law to which they are entitled.  Any such action shall not be

considered a "Covered Dispute" under Section IX (Dispute Resolution).  The United States and

State Plaintiffs will not seek stipulated penalties and civil or administrative penalties for the same

violation; provided, however, the United States and State Plaintiffs expressly reserve the right to

seek injunctive relief against Beazer for violations of this Decree, the Clean Water Act, or

equivalent state law even if a stipulated penalty has been sought or collected pursuant to this

Decree.

VIII.   <u>FORCE MAJEURE</u>

52.     A "force majeure event," for purposes of this Consent Decree, is defined as any

event arising from causes beyond the control of Beazer, its contractors, or any entity controlled

by Beazer that prevents or delays the performance of any obligation of this Consent Decree

despite all reasonable efforts by Beazer to fulfill the obligation. "All reasonable efforts" includes using all reasonable efforts to anticipate any potential force majeure event (where such event can be anticipated) and using all reasonable efforts to address the effects of any such event: (a) as it is occurring; and (b) after it has occurred, to prevent or minimize any resulting failure to perform or delay in performing any obligation of this Consent Decree. "Force majeure event" does not include Beazer's financial inability to perform any obligation under this Consent Decree.

53.     Beazer shall retain all rights granted under the Applicable Permit concerning a force majeure event.

54.     Beazer shall provide notice to the EPA representative listed in Section XIII (Notices) orally or by electronic or facsimile transmission ("initial notice") as soon as practicable, but not later than ten (10) days after the time Beazer first knew of, or by the exercise of due diligence, should have known of, a claimed force majeure event. Beazer shall also provide written notice ("subsequent written notice"), as provided in Section XIII of this Consent Decree (Notices), within thirty (30) days of the time Beazer first knew of, or by the exercise of due diligence, should have known of, the event. The United States may, in its unreviewable discretion, extend the time within which initial notice or subsequent written notice must be given. No such extension shall be effective unless in writing. The subsequent written notice shall state the anticipated duration of any failure to comply or delay in compliance with any obligation of this Consent Decree; the cause(s) of such failure or delay; Beazer's past and proposed actions to prevent or minimize such failure or delay; a schedule for carrying out those actions; and Beazer's rationale for attributing any failure to comply or delay in compliance to a force majeure event. Except as may be provided in Paragraph 53, failure to provide initial notice

and subsequent written notice as required by this Paragraph shall preclude Beazer from asserting any claim of force majeure.

55. If the United States agrees that a force majeure event, as defined by this Section, has occurred, the United States shall agree to extend the time for Beazer to perform the affected requirements for the time necessary to complete those obligations. An extension of time to perform the obligations affected by a force majeure event shall not, by itself, extend the time to perform any unaffected obligation. Failures resulting from a force majeure event shall not be considered a breach of this Consent Decree, and Beazer shall not be liable for any stipulated penalties occurring as a direct result of the event, provided Beazer complies with the terms of this Section.

56. If the United States does not agree that a force majeure event, as defined by this Section, has occurred, or does not agree to the length of the extension of time sought by Beazer, the United States' position shall be binding, unless Beazer invokes Dispute Resolution under Section IX of this Consent Decree. In any such dispute, Beazer bears the burden of proving, by a preponderance of the evidence, that each claimed force majeure event is a force majeure event, that Beazer gave the notice required by Paragraph 54, that the force majeure event caused any failure to comply or delay in compliance with an obligation of this Consent Decree that Beazer claims was attributable to that event, and that Beazer exercised all reasonable efforts to prevent or minimize any failure or delay in compliance caused by the event.

## IX.    DISPUTE RESOLUTION

57. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve a dispute

arising under or with respect to this Consent Decree ("Covered Dispute"). A Covered Dispute shall be considered to have arisen when Beazer serves on the United States a written notice of dispute, in accordance with Section XIII of this Consent Decree (Notices). Such notice of dispute shall state clearly the matter in dispute.

58. <u>Dispute Resolution</u>

a. Any Covered Dispute shall first be the subject of informal dispute resolution. Informal dispute resolution shall proceed from the date the notice of dispute is served, as follows, unless these periods are modified by written agreement.

b. If Beazer invokes dispute resolution procedures, within fifteen (15) days of service of written notice of the dispute, Beazer shall serve on the United States a written Statement of Position regarding the Covered Dispute, in accordance with Section XIII of this Consent Decree (Notices). The Statement of Position shall include, but need not be limited to, a concise statement of the Covered Dispute, the Beazer's position, and an explanation of that position.

c. The United States shall serve its Statement of Position within thirty (30) days of receipt of Beazer's Statement of Position, in accordance with Section XIII of this Consent Decree (Notices). The United States' Statement of Position shall include, but need not be limited to, a concise statement of the Covered Dispute, the United States' position, and an explanation of that position.

d. Upon Beazer's receipt of the United States' Statement of Position, the United States and Beazer may work toward resolving the Covered Dispute. If no resolution is reached within fifteen (15) days, or such longer period as may be agreed to

in writing by the parties, the United States' Statement of Position shall be binding on Beazer, unless Beazer files a motion for judicial resolution of the Covered Dispute within thirty (30) days after the conclusion of informal negotiations in accordance with the following Paragraph.

59.     Judicial Resolution.  Beazer may seek judicial resolution of the Covered Dispute by filing with the Court and serving on the United States, in accordance with Section XIII of this Consent Decree (Notices), a motion requesting judicial resolution of the Covered Dispute.

60.     The United States shall respond to Beazer's motion within the time period allowed by the Local Rules of this Court.  Beazer may file a reply memorandum, to the extent permitted by the Local Rules.

61.     Except as otherwise provided in this Consent Decree, Beazer shall bear the burden of establishing its position on the Covered Dispute by a preponderance of the evidence under applicable law.

62.     Subject to Paragraph 48.d., the invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Beazer under this Consent Decree, unless and until final resolution of the dispute so provides.  Subject to Paragraph 48.d., stipulated penalties with respect to the disputed matter shall continue to accrue from the first day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 48.  If Beazer does not prevail on the disputed issue, stipulated penalties awarded by the Court shall be paid as provided in Section VII (Stipulated Penalties).

## X.     INFORMATION COLLECTION AND RETENTION

63.     The United States, State Plaintiffs, and their authorized representatives acting on

their behalf, upon presentation of credentials and at all reasonable times, shall have the right of entry to all Sites and Projects and have the right of access to all Records located at Sites or Projects or at any offsite location where Records pertaining to a Site or Project are located, for the purpose of assessing Beazer's compliance with this Consent Decree.

64.     Until one (1) year after the termination of this Consent Decree, Beazer shall retain, and shall instruct its Storm Water Consultants to preserve, all Records.  This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.

65.     At any time during the applicable retention period for a Record and upon request by the United States, Beazer shall provide to the United States a copy of any Record required to be maintained under this Section.  Beazer shall provide Records requested by the United States pursuant to this Paragraph consistent with the procedures set forth in Paragraph 21 (Submission of Records).  This Paragraph does not apply to Record requests made during a Government Inspection.

66.     Beazer may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Beazer asserts a privilege, it must identify the privilege being asserted and describe the nature of the Record not being produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the United States to assess the applicability of the privilege or protection; provided, however, that no Records required to be created or maintained by this Consent Decree shall be withheld on grounds of privilege.

67.     With respect to any Records provided to the United States, Beazer may also assert

that information required to be provided under this Section is protected as Confidential Business Information under 40 C.F.R. Part 2. As to any information that Beazer seeks to protect as Confidential Business Information, Beazer shall follow the procedures set forth in 40 C.F.R. Part 2.

68. Nothing in this Consent Decree shall be construed to limit any right of entry or access or other information-gathering authority held by the United States or State Plaintiffs pursuant to any federal, state or local law, permit, or regulation, nor shall it be construed to limit any duty or obligation of Beazer to maintain documents, records, or other information imposed by applicable federal or state laws, regulations or permits.

## XI. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

69. United States. In consideration of the payment of the penalty required by Paragraph 23, the United States hereby releases its claims and covenants not to sue or take administrative action against Beazer for civil violations or alleged civil violations at the Sites listed in Appendix M through the date of lodging, of: (i) Section 308 of the Clean Water Act as it relates to Storm Water Requirements; (ii) the prohibition in Section 301(a) of the Clean Water Act against discharging pollutants without an Applicable Permit; or (iii) the conditions, limitations and requirements of an Applicable Permit. The provisions of this Paragraph shall survive the termination of this Decree.

70. State Plaintiffs. In consideration of the payment of the penalties required by the subparagraphs of Paragraph 25, each State Plaintiff hereby releases its claims and covenants not to sue or take administrative action against Beazer for civil violations or alleged civil violations at the Sites listed in Appendix M, through the date of lodging, of: (i) any state law equivalent to

Section 308 of the Clean Water Act as it relates to Storm Water Requirements; (ii) the prohibition in Section 301(a) of the Clean Water Act against discharging pollutants without an Applicable Permit and any state law equivalent to this prohibition; (iii) the conditions, limitations and requirements of an Applicable Permit; or (iv) any state law, regulation or permit regulating discharges of storm water, except rules and statutes relating to the Florida Environmental Resource Permitting Program. The provisions of this Paragraph shall survive the termination of this Decree.

71. <u>Plaintiffs' Reservation of Rights</u>.

a. The United States and the State Plaintiffs reserve all rights not expressly waived in this Decree.

b. The United States and the State Plaintiffs reserve all rights and remedies, legal and equitable, available to enforce the provisions of this Decree.

c. The United States and the State Plaintiffs reserve the right to seek and obtain criminal sanctions against any person, including Beazer.

d. The United States and the State Plaintiffs reserve the right to undertake any action for injunctive relief against any person, including Beazer, in response to conditions which may present an imminent and substantial endangerment to the public health or welfare or the environment.

72. <u>Beazer's Reservation of Rights</u>. Except as expressly stated herein, Beazer reserves all defenses and all rights and remedies, legal and equitable, available to it in any action brought by any Plaintiff or by Beazer under this Decree, an Applicable Permit, the Clean Water Act, or any other federal or state statutes, regulations or rules. This Decree shall not be

construed as a waiver of any defenses or remedies that Beazer may have to any future alleged violations of an Applicable Permit, or of the federal and state laws and regulations governing an Applicable Permit.

73. <u>Not a Permit Modification</u>. This Consent Decree is neither a permit, nor a modification of any permit, under any federal, state, or local laws or regulations, and this Decree does not relieve Beazer of its responsibilities to comply with all applicable federal, state, and local laws, regulations, and permits. The United States and State Plaintiffs do not, by their consent to the entry of this Consent Decree, warrant or aver in any manner that Beazer's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Clean Water Act, 33 U.S.C. §§ 1251-1387, or with any other provisions of federal, state, or local laws, regulations, or permits.

74. <u>Third Parties</u>. This Consent Decree does not limit or affect the rights of Beazer or of the United States and State Plaintiffs against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Beazer, except as otherwise provided by law. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party that is not a party to this Consent Decree.

75. <u>No Admission</u>. Beazer does not admit any liability to the United States or the State Plaintiffs arising out of the transactions or occurrences alleged in the Complaint.

XII.    <u>COSTS</u>

76. The Parties shall bear their own costs of this action, including attorneys' fees.

# XIII.   NOTICES

77.     Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

To the United States:

> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> Box 7611 Ben Franklin Station
> Washington, DC  20044-7611
> Re: DOJ Case No. 90-5-1-1-08420
>
> and
>
> Director, Water Enforcement Division
> Office of Enforcement and Compliance Assurance
> U.S. EPA
> Mail Code 2243A
> Room 3102
> 1200 Pennsylvania Ave, NW
> Washington, DC 20460-00001

For Force Majeure and Modification Purposes Only:

> Kelly Brantner
> U.S. EPA
> Mail Code 2243A
> 1200 Pennsylvania Ave, NW
> Washington, DC  20460-0001
> Phone: 202-564-9933
> Fax: 202-564-0018
> Email:  brantner.kelly@epa.gov

To the State of Colorado:

> Scott Klarich
> Enforcement Work Group Leader

Colorado Department of Public Health and Environment
Water Quality Control Division
4300 Cherry Creek Drive, South, Bldg. B
Denver, CO  80246-1530

To the State of Florida:

Florida Department of Environmental Protection
NPDES Stormwater Section
Attn:  Jessica Kleinfelter
2600 Blair Stone Road, MS 2500
Tallahassee, Florida  32399-2400

To the State of Indiana:

Chief, Environmental Section
Office of the Attorney General
Indiana Government Center South
5th Floor
402 West Washington Street
Indianapolis, Indiana  46204

Chief, Compliance Branch
Indiana Department of Environmental Management
Office of Water Quality
Mail Code 65-40
100 North Senate Avenue
Indianapolis, Indiana  46204-2251

Office of Legal Counsel
Indiana Department of Environmental Management
Mail Code 60-01
100 North Senate Avenue
Indianapolis, Indiana  46204-2251

To the State of Maryland:

Principal Counsel
Office of the Attorney General
Maryland Department of the Environment
1800 Washington Boulevard
Baltimore, Maryland  21230

Chief, Enforcement Division
Compliance Program
Water Management Administration
Maryland Department of the Environment
1800 Washington Boulevard
Baltimore, Maryland 21230

To the State of Nevada:

Carolyn Tanner, Deputy Attorney General
State of Nevada, Office of the Attorney General
100 N. Carson Street
Carson City, NV 89701-4717

To the State of Tennessee:

R. Stephen Jobe
Office of the Tennessee Attorney General
Environmental Division
P. O. Box 20207
Nashville, TN 37202

E. Joseph Sanders
General Counsel
Tennessee Department of Environment and Conservation
20th Floor, L&C Tower
401 Church Street
Nashville, TN 37243

To the Commonwealth of Virginia:

Director
Department of Conservation and Recreation
Commonwealth of Virginia
203 Governor Street
Suite 302
Richmond, Virginia 23219

Elizabeth Andrews
Assistant Attorney General
Commonwealth of Virginia
Environmental Section
Office of the Attorney General

900 East Main Street
Richmond, Virginia  23219

<u>To Beazer</u>:

General Counsel
Beazer Homes USA, Inc.
1000 Abernathy Rd., Suite 1200
Atlanta, Georgia  30328


National Director of Environmental Compliance
Beazer Homes USA, Inc.
1000 Abernathy Rd., Suite 1200
Atlanta, Georgia  30328

78.     Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

79.     Notices provided pursuant to this Section will be deemed to have been submitted: (1) on the Business Day sent if provided by facsimile; (2) on the date postmarked if provided by mail; and (3) on the date picked up by the overnight delivery service if provided by overnight delivery.  The Parties may, by written mutual agreement, provide for an alternative method of delivery of notice.

XIV.   <u>EFFECTIVE DATE</u>

80.     The Effective Date of this Consent Decree shall be the Date of Entry.

XV.     <u>RETENTION OF JURISDICTION</u>

81.     The Court shall retain jurisdiction over this case until termination of this Consent Decree for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree pursuant to Sections IX (Dispute Resolution) and XVI (Modification), or effectuating or enforcing compliance with the terms of this Decree.  The Court shall retain

jurisdiction after termination only for the purposes set forth in Paragraph 89 below.

## XVI.   MODIFICATION

82.     Except as otherwise set forth in Paragraph 83 below, the terms

of this Consent Decree, including any attached appendices, may be modified by a written

agreement signed by Beazer and the United States (after consultation with State Plaintiffs)

without approval of the Court.

83.     Any modification which constitutes a material change to the terms of the Consent

Decree, including any material change to an Appendix, shall be effective only upon approval by

the Court.

84.     Beazer may propose minor modifications to the Appendices to this Consent

Decree for the purposes of adding information, text or questions to incorporate state-specific

Applicable Permit requirements, changing formatting as necessary to align the Appendices with

an Applicable Permit or Beazer's management needs ("Minor Appendix Modification").  Beazer

may begin using a modified Appendix after submitting the modified Appendix to the EPA

representative listed in Section XIII (Notices).  This requirement does not apply to modifications

of Site Inspection Reports which solely add State-specific requirements.  If the United States

determines that a Minor Appendix Modification does not comply with the terms of this Consent

Decree, it shall notify Beazer and provide a list of changes required to bring the submitted

Appendix into compliance with this Decree.  Beazer has thirty (30) days after receipt of the list

of changes to incorporate the United States' list of changes.  If Beazer disputes the United States'

determination or list of changes under this Paragraph by invoking the Dispute Resolution

provisions of Section IX, Beazer shall use the last-approved Appendix during the time the

dispute is pending. The resulting Appendix shall supersede the original form or report and be considered a minor modification.

85. If a Site that meets the criteria articulated in Appendix M is inadvertently omitted from Appendix M, Beazer may submit to the United States, through the 60th day after lodging of the Consent Decree, a revised list with the additional Site(s) included. Any revised list shall be submitted for review to the EPA representative listed in Section XIII (Notices). If the United States, after consultation with the applicable State Plaintiff, agrees in writing that the identified Site meets the criteria articulated in Appendix M, and if Beazer and the United States sign a written agreement pursuant to Paragraph 82, the parties shall file a joint stipulation with the Court, seeking approval of the modified Appendix M and approval of the Court to amend Appendix A of the Complaint accordingly.

## XVII. TERMINATION

86. The following conditions ("Conditions of Termination") are the exclusive conditions for termination of this Decree and all of Beazer's obligations hereunder. This Decree shall terminate under the procedures set forth in this Section when these Conditions of Termination have been met:

a. the passing of three years since the Date of Entry ("the Third Anniversary");

b. Beazer has paid all civil penalties and related interest due under this Decree;

c. Beazer has paid all stipulated penalties and related interest demanded through the Third Anniversary by the United States under Paragraph 45, excluding any

stipulated penalties or interest that are subject to Dispute Resolution, as to which this Court shall retain jurisdiction under Paragraph 89, below;

d.      Beazer has established and implemented a management system designed to fulfill its obligations under Paragraphs 7, 10, 11, 12, 13, 14, and 15;

e.      Beazer has established and implemented a Training and Orientation Program designed to fulfill its obligations under Paragraphs 17, 18, and 19;

f.      Beazer has submitted all Lists of Sites required by Paragraph 8 as of the Third Anniversary;

g.      For all Sites existing as of the Third Anniversary, all required coverage under Applicable Permits has been acquired or applied for; and

h.      Beazer has submitted all National Reports required by Paragraph 15, including the National Compliance Summary Report submitted following the Third Anniversary.

87.      The following procedures for terminating this Decree shall govern (and the Parties intend that this process shall be resolved at the earliest possible time):

a.      Any time after the date forty-five (45) days prior to the Third Anniversary, Beazer may submit to the United States a proposed motion to terminate the Decree ("Proposed Motion").  The Proposed Motion shall include a draft certification, that meets the requirements of 40 C.F.R. § 122.22, that Beazer has fulfilled the Conditions of Termination.  Following receipt by the United States of Beazer's Proposed Motion, Beazer and the United States shall confer informally concerning the proposal and any disagreement that these parties may have as to whether Beazer has met the Conditions of

Termination.

b.       No sooner than forty-five (45) days after delivery of the Proposed Motion to the United States, Beazer may file a motion to terminate this Decree.  This motion shall contain a final certification, that meets the requirements of 40 C.F.R. § 122.22, that Beazer has fulfilled the Conditions of Termination as of the date of the filing of the motion.

(i)       If the United States, after consultation with the State Plaintiffs, agrees that the Conditions of Termination have been met, it shall join in the motion to terminate.  In that event, the Court shall enter an order terminating this Decree effective as of the filing of said motion.

(ii)       If the United States, after consultation with the State Plaintiffs, does not agree that the Conditions of Termination have been met, it shall serve its opposition to the motion in accordance with the local rules of the Court.  Beazer may reply in accordance with the local rules of the Court.  If the Court finds, based upon the preponderance of the evidence, that Beazer has met the Conditions of Termination, it shall order this Decree terminated effective as of the date of filing the motion to terminate.

(iii)       If the United States neither joins in the motion to terminate nor files a timely opposition, upon Beazer's request the Court shall enter an order terminating the Decree effective as of the date of filing the motion to terminate.

88.       If the initial motion to terminate is denied by the Court, one or more renewed motion(s) to terminate may be filed.  The Court shall decide a renewed motion to terminate

based on the Conditions of Termination set forth in Paragraph 86, reviewed for fulfilling the requirements as of the Third Anniversary date, except that if the Court has previously found that conditions 86.d. (management systems) and 86.e. (training and orientation programs) were not met, then Beazer's compliance with such unmet conditions shall be determined as of the date of filing of the renewed motion. If Beazer has met the Conditions of Termination, the Court shall order this Decree terminated effective as of the date of filing of the renewed motion.

89. After the Consent Decree has been terminated in accordance with Paragraphs 86-88, this Court shall retain jurisdiction over this Decree only for the following purposes:

    a. to resolve any dispute concerning unresolved matters subject to dispute resolution pursuant to Section IX (Dispute Resolution);

    b. to resolve any enforcement action pending on the termination date under this Decree; and

    c. to resolve any outstanding stipulated penalties demanded and owing based on the National Compliance Summary Report submitted following the Third Anniversary,

provided that this Paragraph applies only to matters arising prior to termination. It does not authorize the reopening of this Decree or require any extension of the compliance program imposed by this Decree.

## XVIII. PUBLIC PARTICIPATION

90. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the

Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Beazer consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Beazer in writing that it no longer supports entry of the Decree.

## XIX.    SIGNATORIES/SERVICE

91.    The undersigned representative of each Party certifies that he or she is authorized to execute this Consent Decree and to legally bind the Party he or she represents.

92.    This Consent Decree may be executed in any number of counterparts, each of which will be deemed an original, but all of which will constitute one and the same instrument.

93.    Beazer agrees to waive summons and the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court and agrees to accept service of the complaint by mail or electronic mail.

## XX.    INTEGRATION

94.    This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  Other than the Appendices, which are attached to and incorporated in this Decree, and deliverables that are subsequently submitted and approved pursuant to this Decree, no other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.  The Parties further acknowledge that the Appendices may

be modified pursuant to Section XVI (Modification).

## XXI.  <u>APPENDICES</u>

95.     The following appendices are attached to and incorporated into this Consent

Decree:

Appendix A:   Site List and Project List

Appendix B:   Guidance Document "Developing Your Stormwater Pollution Prevention Plan:  A

Guide for Construction Sites."

Appendix C:   Pre-Construction Inspection and Review Form

Appendix D:   Site Inspection Form

Appendix E:   Quarterly Compliance Inspection and Review Form

Appendix F:   Division Wide Summary Report

Appendix G:   National Compliance Summary Report

Appendix H:   Training Program Syllabus

Appendix I:    Reserved

Appendix J:    Description of Training Exam

Appendix K:   Listed Contractors

Appendix L:   List of Contractor Do's and Don'ts

Appendix M:  List of Sites Subject to Covenant Not to Sue

## XXII.  FINAL JUDGMENT

96.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States, the States of Colorado, Florida, Indiana, Maryland, Nevada, and Tennessee, and the Commonwealth of Virginia, and Beazer.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.


IT IS HEREBY SO ORDERED this _____day of _____, 2010.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer Homes USA, Inc., subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA:

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
950 Pennsylvania Avenue
Room 2603
Washington, D.C. 20530

AMY R. GILLESPIE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 616-8754 (tel)
(202) 514-2583 (fax)
Amy.Gillespie@usdoj.gov

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer Homes USA, Inc., subject to the public notice requirements of 28 C.F.R. § 50.7.


FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

_____
CYNTHIA GILES
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Suite 3204
Washington, D.C.  20406


_____
KELLY BRANTNER
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
MC 2243A, Room 3120A
Washington, D.C.  20406


_____
MARY WILKES
Regional Counsel
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia  30303-8960

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer Homes USA, Inc., subject to the public notice requirements of 28 C.F.R. § 50.7.


FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY


_____

CYNTHIA GILES
Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Suite 3204
Washington, D.C. 20406


_____

KELLY BRANTNER
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
MC 2243A, Room 3120A
Washington, D.C. 20406


_____

MARY WILKES
Regional Counsel
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303-8960

<u>WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer</u>
<u>Homes USA, Inc.</u>

FOR THE STATE OF COLORADO:

JOHN W. SUTHERS
Attorney General of Colorado


ANNETTE M. QUILL
Counsel for the State of Colorado
Senior Assistant Attorney General
Environmental Quality Unit
Natural Resources and Environment Section
Colorado Office of the Attorney General
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Tel: (303) 866-4647
Fax: (303) 866-3558

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer Homes USA, Inc.

FOR THE STATE OF FLORIDA:

STATE OF FLORIDA DEPARTMENT
OF ENVIRONMENTAL PROTECTION

_____

JANET G. LLEWELLYN
Director
Division of Water Resource Management

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer Homes USA, Inc.

FOR THE STATE OF INDIANA:

PATRICIA ORLOFF ERDMANN
Chief Counsel for Litigation
Office of the Indiana Attorney General
302 W. Washington Street
IGCS-5th Floor
Indianapolis, Indiana 46204
Tel: (317) 232-5663
Fax: (317) 232-7979

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer Homes USA, Inc.

FOR THE STATE OF MARYLAND:

DOUGLAS F. GANSLER
Attorney General of Maryland


Paul N. De Santis
Assistant Attorney General
Maryland Department of the Environment
1800 Washington Blvd., Suite 6048
Baltimore, Maryland 21230
Phone: 410-537-3352
Fax: 410-537-3943
pdesantis@mde.state.md.us

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer Homes USA, Inc.

FOR THE STATE OF NEVADA:

CATHERINE CORTEZ MASTO
Attorney General

By: _____
CAROLYN E. TANNER
Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
Tel (775) 684-1270
Fax (775) 684-1108

71

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer Homes USA, Inc.

FOR THE STATE OF TENNESSEE:

ROBERT E. COOPER, JR.
Attorney General of Tennessee

R. STEPHEN JOBE
Senior Counsel
Tennessee Attorney General's Office
P.O. Box 20207
Nashville, Tennessee  37202-0207

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer Homes USA, Inc.

FOR THE COMMONWEALTH OF VIRGINIA:

THE HONORABLE KENNETH T. CUCCINELLI II
Attorney General of Virginia

ELIZABETH A. ANDREWS
Assistant Attorney General
Environmental Section
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
(804) 786-8789 (tel)
(804) 786-2650 (fax)
eandrews@oag.state.va.us

WE HEREBY CONSENT to the entry of the Consent Decree in United States et al. v. Beazer Homes USA, Inc.

FOR BEAZER HOMES USA, INC.:

Kenneth Khoury
General Counsel
Beazer Homes USA, Inc.
1000 Abernathy Rd., Suite 1200
Atlanta, Georgia  30328